**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| BRENDA MEZA,<br><br>      Petitioner,<br><br>    v.<br><br>ERIK BONNAR, et al.,<br><br>      Respondents. | Case No. 18-cv-02708-BLF<br><br>**ORDER GRANTING PETITIONER'S APPLICATION FOR TEMPORARY RESTRAINING ORDER; AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**<br><br>[Re: ECF 3] |

Petitioner Brenda Meza, a non-citizen in removal proceedings, seeks a temporary restraining order ("TRO") to enjoin the Department of Homeland Security ("DHS") from detaining her pending a hearing before this Court on the lawfulness of any such detention.

Given the nature of the issue presented by the TRO application, the Court finds it appropriate to rule on the application immediately, without obtaining a response from Respondents. For the reasons discussed below, Petitioner's application for TRO is GRANTED for a period of 14 days, through May 24, 2018, and Respondents are hereby ORDERED TO SHOW CAUSE why a preliminary injunction should not issue. Respondents shall file any response to the Order to Show Cause on or before May 17, 2018, and Petitioner shall file any reply on or before May 21, 2018. The Court will hear argument on whether a preliminary injunction should issue at 1:30 p.m. on May 24, 2018.

## I. BACKGROUND

Petitioner is a native and citizen of Guatemala. IJ Memorandum at 1, Exh. K to Rabinovich Decl., ECF 3-2. She was admitted to the United States in 1992 as an immigrant. *Id.* She subsequently was placed in removal proceedings, but she was granted withholding of removal in 2007. *Id.* However, she was placed in removal proceedings again in June 2016 after being

convicted of, and serving a prison term for, child abuse.  Meza Decl. ¶¶ 9-12, Exh. A to Rabinovich Decl., ECF 3-2. The United States Immigration and Customs Enforcement ("ICE") division of DHS took custody of Petitioner at the commencement of removal proceedings and detained her for approximately 13 months until an Immigration Judge ("IJ") released her on bond in August 2017.  *Id.* ¶ 12.  The IJ noted that Petitioner sought bond pursuant to the Ninth Circuit's decision in *Rodriguez v. Robbins*.  IJ Memorandum at 1, Exh. K to Rabinovich Decl., ECF 3-2.  In that case, the Ninth Circuit construed applicable immigration statutes to require that detained aliens be granted bond hearings every six months and that the government bears the burden of demonstrating danger to the community or risk of flight.  *Rodriguez v. Robbins*, 804 F.3d 1060, 1090 (9th Cir. 2015), *rev'd sub nom., Jennings v. Rodriguez*, 138 S. Ct. 830 (2018).  The IJ found that Petitioner had "demonstrated that she no longer poses a danger to others and that she is not a risk of flight."  IJ Memorandum at 2, Exh. K to Rabinovich Decl., ECF 3-2.

On February 27, 2018, the Supreme Court issued *Jennings v. Rodriguez*, which reversed the Ninth Circuit's decision in *Rodriguez v. Robbins* and remanded for further proceedings. *Jennings v. Rodriguez*, 138 S. Ct. 830, 851-52 (2018).  The Supreme Court held that the Ninth Circuit "erroneously concluded that periodic bond hearings are required under the immigration provisions at issue," but it remanded so that the Ninth Circuit could take up the question – left open by the Supreme Court – whether such hearings are required by the Constitution.  *Id.*  The Ninth Circuit has ordered briefing, which has not yet been completed.  *See Rodriguez v. Jennings*, 887 F.3d 954, 955 (9th Cir. 2018).

The Board of Immigration Appeals ("BIA") vacated the IJ's bond order on April 23, 2018. BIA Decision, Exh. L to Rabinovich Decl., ECF 3-2.  The BIA did not address the IJ's determinations that Petitioner was not a danger or a flight risk, but rather it concluded that in light of *Jennings v. Rodriguez* "there is no statutory or regulatory authority for an Immigration Judge's exercise of jurisdiction over motions for bond hearings filed pursuant to *Rodriguez III*."  *Id.*

On May 3, 2018, Petitioner's counsel contacted the United States Attorney's Office for the Northern District of California to seek assurance that ICE would not detain Petitioner at her upcoming May 16, 2018 immigration hearing, or otherwise.  Rabinovich Decl. ¶¶ 11-12.  The

United States Attorney's Office declined to give the requested assurance. *Id.* Petitioner then commenced the present action by filing both a petition for writ of habeas corpus and an application for TRO. Petition, ECF 1; TRO Appl., ECF 3. The petition, which is brought pursuant to 28 U.S.C. § 2241, asserts a single claim under the Due Process Clause of the Fifth Amendment. Petition ¶¶ 9, 48-52, ECF 1. Petitioner contends that any "re-detention" by ICE at this point would be unlawful, because the Due Process clause requires bond hearings in cases of prolonged immigration confinement and because *Jennings v. Rodriguez* cannot be applied retroactively. *Id.* ¶ 51. Petitioner provided the United States Attorney's Office with copies of the petition and TRO application, and that office has filed a notice of appearance.

## II.     LEGAL STANDARD

The standard for issuing a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Under the original *Winter* standard, a party must show 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "Under the 'sliding scale' variant of the *Winter* standard, if a plaintiff can only show that there are serious questions going to the merits – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the balance of hardships tips *sharply* in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Id.* (internal quotation marks and citation omitted).

## III.    DISCUSSION

Applying the "sliding scale" variant of the *Winter* standard, the Court has no difficulty concluding that a TRO is appropriate in this case. Given the Supreme Court's express direction to the Ninth Circuit to consider whether the Constitution requires periodic bond hearings for aliens detained during immigration proceedings, there clearly are "serious questions" going to the merits of Petitioner's Due Process claim. The Ninth Circuit has ordered briefing on the constitutional question, among others. Pending determination on the merits of the constitutional issue, the Ninth

1  Circuit has denied the government's motion to vacate a permanent injunction requiring periodic

2  bond hearings for detailed aliens. Moreover, it is unclear whether the BIA's retroactive

3  application of the Supreme Court's *Jennings* decision was a permissible basis for vacating the IJ's

4  bond decision under *Chevron Oil Co. v. Huson*, 404 U.S. 97 (1971).

5        Absent injunctive relief, Petition could be taken into ICE custody at any time. Petitioner's

6  counsel represents that, following *Jennings*, other non-citizens have been re-detained when they

7  appear for scheduled hearings. Rabinovich Decl. ¶ 11. The Ninth Circuit has recognized "the

8  irreparable harms imposed on anyone subject to immigration detention (or other forms of

9  imprisonment)." *Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017). In contrast, any

10  impact on Respondents will be minimal. An IJ already has found as a factual matter that

11  Petitioner poses no risk of danger or flight. Under these circumstances, the balance of hardships

12  tips sharply in Petitioner's favor. Finally, "the general public's interest in the efficient allocation

13  of the government's fiscal resources" favors granting the TRO. The Ninth Circuit has recognized

14  that "[t]he costs to the public of immigration detention are 'staggering.'" *Id*. at 996. Given the

15  low risk of Petitioner's causing harm to others or fleeing, such expenditure in her case would seem

16  to be pointless.

17        "The court may issue a preliminary injunction or a temporary restraining order only if the

18  movant gives security in an amount that the court considers proper to pay the costs and damages

19  sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P.

20  65(c). The Ninth Circuit has "recognized that Rule 65(c) invests the district court with discretion

21  as to the amount of security required, *if any*." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir.

22  2003) (internal quotation marks and citation omitted). "The district court may dispense with the

23  filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from

24  enjoining his or her conduct." *Id.* Because the Court perceives no prejudice to Respondents

25  resulting from the TRO, the Court finds it appropriate to issue the TRO without requiring

26  security.

27  //

28  //

# IV. ORDER

Accordingly, IT IS HEREBY ORDERED:

(1) Petitioner's application for TRO is GRANTED for a period of 14 days, through May 24, 2018, during which time Respondents may not detain Petitioner in connection with her pending removal proceedings;

(2) Respondents are hereby ORDERED TO SHOW CAUSE why a preliminary injunction should not issue. Respondents shall file any response to the Order to Show Cause on or before May 17, 2018, and Petitioner shall file any reply on or before May 21, 2018.

(3) The Court will hear argument on whether a preliminary injunction should issue at 1:30 p.m. on May 24, 2018.

(4) No security is required for the TRO.

Dated: May 10, 2018

BETH LABSON FREEMAN
United States District Judge