**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| BRENDA MEZA,<br><br>    Petitioner,<br><br>v.<br><br>ERIK BONNAR, Acting Field Office Director of San Francisco Office of Detention and Removal, et al.,<br><br>    Respondents. | Case No. 18-cv-02708-BLF<br><br>**ORDER GRANTING PETITIONER'S MOTION FOR STAY**<br><br>[Re: ECF 20] |

Petitioner Brenda Meza, a non-citizen in removal proceedings, commenced this action on May 8, 2018, when she filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 along with an application for a temporary restraining order ("TRO"). Petitioner was released on bond by an Immigration Judge ("IJ") following a lengthy detention by the Immigration and Customs Enforcement ("ICE") division of the Department of Homeland Security ("DHS"). However, the bond order was vacated by the Board of Immigration Appeals ("BIA"), and the Government has taken the position that Petitioner now may be re-detained by ICE at any time. Petitioner asserts a single claim for habeas relief under the Due Process Clause of the Fifth Amendment, alleging that she has a vested liberty interest in her current conditional release and thus is entitled to a hearing before any re-detention.

The Court issued a TRO and then a preliminary injunction, enjoining ICE from re-detaining Petitioner pending disposition of her habeas petition, absent an administrative hearing at which it is determined that a material change in circumstances warrants re-detention. Petitioner now seeks a stay of proceedings pending a decision by the Ninth Circuit in *Rodriguez v. Marin*, Case No. 13-56706, which presents the issue of whether the Constitution requires bond hearings for individuals whose detention has become prolonged. For the reasons stated at the hearing on September 27, 2018 and discussed below, the motion for stay is GRANTED.

## I. BACKGROUND[1]

Petitioner is a native and citizen of Guatemala. Petition ¶ 13, ECF 1. She entered the United States as a child in 1982, and she was granted lawful permanent resident status in 1992. Rabinovich Decl. ¶ 2, ECF 1-2. In 2007, she was placed in removal proceedings and her lawful permanent status was terminated. Petition ¶ 19; Rabinovich Decl. ¶ 3. However, she was granted withholding of removal on the basis that she would face persecution in Guatemala. Petition ¶ 19.

Petitioner was placed in removal proceedings again in June 2016 after being convicted of, and serving a prison term for, child abuse. Petition ¶ 20. ICE took custody of Petitioner at the commencement of removal proceedings and detained her for approximately 13 months until an IJ released her on bond in August 2017. Petition ¶¶ 21-23; Rabinovich Decl. ¶¶ 4-6. The bond hearing was granted pursuant to the Ninth Circuit's decision in *Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015) ("*Rodriguez III*"), *rev'd sub nom.*, *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018). IJ Memorandum at 1, Exh. K to Rabinovich Decl., ECF 1-2. In *Rodriguez III*, the Ninth Circuit construed applicable immigration statutes to require that detained aliens be granted bond hearings every six months, with the Government bearing the burden of demonstrating danger to the community or risk of flight. *Rodriguez III*, 804 F.3d at 1090. The IJ found that Petitioner had "demonstrated that she no longer poses a danger to others and that she is not a risk of flight." IJ Memorandum at 2.

On February 27, 2018, the Supreme Court issued *Jennings v. Rodriguez*, which reversed *Rodriguez III* and remanded to the Ninth Circuit for further proceedings. *Jennings v. Rodriguez*, 138 S. Ct. 830, 851-52 (2018). The Supreme Court held that the Ninth Circuit "erroneously concluded that periodic bond hearings are required under the immigration provisions at issue," but it remanded so that the Ninth Circuit could take up the question – left open by the Supreme Court – whether such hearings are required by the Constitution. *Id.*

The BIA vacated the IJ's bond order, concluding that in light of *Jennings* "there is no

---

[1] The background facts are drawn from the habeas petition (ECF 1), the declaration of Julia Rabinovich in support of the petition (ECF 1-2), and exhibits to the Rabinovich declaration (ECF 1-2). None of these facts are in dispute.

statutory or regulatory authority for an Immigration Judge's exercise of jurisdiction over motions for bond hearings filed pursuant to *Rodriguez III*." BIA Decision, Exh. L to Rabinovich Decl., ECF 1-2. The BIA did not address the IJ's factual findings that Petitioner was not a danger or a flight risk. *Id*.

On May 3, 2018, Petitioner's counsel contacted the United States Attorney's Office for the Northern District of California to seek assurance that ICE would not detain Petitioner at her upcoming May 16, 2018 immigration hearing, or otherwise. Rabinovich Decl. ¶ 12. The United States Attorney's Office declined to give the requested assurance. *Id*.

Petitioner then filed the present habeas petition, asserting one claim for relief under the Due Process Clause of the Fifth Amendment. Petition, ECF 1. Within the context of that claim, Petitioner alleges that she "has a vested liberty interest in her current conditional release"; "the Due Process clause requires bond hearings in cases of prolonged immigration confinement"; and "*Rodriguez IV* cannot be applied retroactively to her." Petition ¶¶ 50-51. This Court issued a TRO and later a preliminary injunction, finding that there were serious questions going to the merits of Petitioner's Due Process claim in light of the Constitutional issue pending before the Ninth Circuit, and that the remaining *Winter* factors[2] favored injunctive relief. Order Granting TRO, ECF 9; Order Granting Preliminary Injunction, ECF 15.

Petitioner now seeks a stay of proceedings pending the Ninth Circuit's determination of the Constitutional issue on remand. The stay motion is opposed by the Government.

**II. LEGAL STANDARD**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

---

[2] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008).

3

Where a *Landis* stay is requested, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (citing *Landis*, 299 U.S. at 254-255).

A district court's decision to grant or deny a *Landis* stay is a matter of discretion. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). If there is "even a fair possibility" of harm to the opposing party, the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

### III. DISCUSSION

Applying these standards, the Court has no difficulty concluding that a stay is warranted in this case.

#### A. Possible Damage Resulting from a Stay

The Court perceives no possible damage resulting from a stay of proceedings, either to the Government or to the public. The Government asserts that it will suffer damage if a stay is granted, because "Congress adopted mandatory detention for certain classes of aliens," and the Government is entitled to enforce Congress' rulemaking. *See* Opp. at 4, ECF 22. However, an IJ already has found as a factual matter that Petitioner poses no risk of danger or flight and, in fact, Petitioner has been out of detention for approximately 10 months without incident. Moreover, a stay of the habeas proceedings would not impede the Government's ability to complete removal proceedings or to seek an administrative hearing for the purpose of arguing that changed circumstances warrant Petitioner's re-detention.

#### B. Hardship to Petitioner Absent a Stay

In contrast, Petitioner would suffer some hardship absent a stay. At minimum, she would be forced to expend time and resources litigating an issue which is currently pending before the

Ninth Circuit – whether the Constitution requires that detained aliens be granted periodic bond hearings.

### C. Orderly Course of Justice

In light of the fact that the key issue raised by the petition soon will be decided by the Ninth Circuit, the orderly course of justice best would be served by staying the present habeas proceedings. Respondents argue that *Rodriguez v. Marin* will dispose of only one of the three issues raised in the habeas petition, and that the other two issues could be litigated now. It is true that as currently framed, Petitioner's Due Process claim does raise three issues: whether Petitioner has a vested liberty interest in her current conditional release; whether the Due Process clause requires periodic bond hearings for detained aliens; and whether the BIA erred in applying *Rodriguez IV* retroactively to Petitioner. *See* Petition ¶¶ 50-51. The Court perhaps could go forward on the first and third issues at this time. However, because the second issue potentially is dispositive of Petitioner's habeas claim, judicial efficiency dictates that this Court wait for the Ninth Circuit's disposition of the issue rather than expending the resources of the parties and the Court.

After weighing the *Landis* factors, the Court concludes that a stay of litigation is warranted in this case. A stay will conserve the resources of the parties and the Court without imposing any prejudice on the Government. This case is factually distinguishable from *Calmo v. Sessions*, Case No. 17-cv-07124-WHA, cited by the Government as an example of another habeas action in which a respected judge in this district declined to issue a stay pending the Ninth Circuit's decision in *Rodriguez v. Marin*. In *Calmo*, the petitioner sought immediate release from immigration custody or, in the alternative, a further bond hearing, arguing that such relief was required under the Fifth and Eighth Amendments. *Calmo* Order Denying Section 2241 Petition at 1, Exh. B to Davis Decl., ECF 22-3. The district court assumed for purposes of analysis that an alien's prolonged detention without a bond hearing would violate the Due Process Clause, and it denied relief on the basis that the petitioner had received a constitutionally adequate bond hearing. *Id.* at 6. Thus, unlike the circumstances in the present case, the issue pending before the Ninth Circuit in *Rodriguez v. Marin* could not have affected the merits of the petitioner's claims in *Calmo*.

## IV. ORDER

(1) Petitioner's motion for a stay of proceedings pending a decision by the Ninth Circuit in *Rodriguez v. Marin*, Case No. 13-56706, is GRANTED; and

(2) The parties shall notify the Court as soon as is practicable after the Ninth Circuit issues its decision in *Rodriguez v Marin*.

Dated: October 3, 2018

_____
BETH LABSON FREEMAN
United States District Judge